```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION
```

UNITED STATES OF AMERICA                              RESPONDENT

VERSUS                              CIVIL ACTION NO. 5:06cv141DCB
                                  CRIMINAL ACTION NO. 5:05cr1DCB-JCS

ROBERT EARL STEWART                                    PETITIONER

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Petitioner Robert Earl Stewart's Motion to Vacate Under 28 U.S.C. § 2255 [**criminal docket entry no. 23; civil docket entry no. 1**].  Having reviewed the Motion, Briefs, Response, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds as follows:

## FACTS

On June 21, 2005, Robert Earl Stewart pled guilty to distributing cocaine[1] in violation of 21 U.S.C. § 841(a)(1) and to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).  *In toto* the petitioner was sentenced to 151 months imprisonment, three years supervised release, $400.00 special assessment fee, and $3,000.00 in fines.  The petitioner asserts that he is entitled to relief from the sentence because:

---

[1] In the memorandum of understanding, Stewart stipulated to possessing 225 grams of cocaine base and approximately one kilogram of cocaine hydrochloride.

(1) the Sentencing Guidelines applied by the Court are unconstitutional because the distribution of cocaine base is punished more severely than the distribution of cocaine hydrochloride, (2) a sentence of supervised release is a constitutionally impermissible "second punishment," (3) the petitioner was allegedly deprived of effective assistance of counsel because "[a] judge is not to appoint council [sic] to a defendant,"[2] and (4) the petitioner's sentence should be set aside because he provided assistance to the government.

The government argues that the petitioner's claims are procedurally barred since the petitioner waived his right to collaterally attack his sentence in the memorandum of understanding.

## DISCUSSION

The plea agreement signed by Stewart states:

> 16.  **Waivers**: The defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement **hereby expressly waives the above rights and the rights to:**
>     a.   appeal the conviction or sentence imposed

---

[2]On March 3, 2005, the Court appointed a federal public defender for Stewart. The petitioner was represented by the public defender's office for six days. On March 10, 2005, John Colette entered his appearance as Stewart's retained counsel. Presumably, the petitioner objects to this six-day period in which he was represented by the public defender's office.

-2-

>                in this case, or the manner in which that
>                sentence was imposed, on the grounds set
>                forth in 18 U.S.C. § 3742, or on any
>                ground whatsoever, and
>       b.       contest the conviction, sentence, or the
>                manner in which the sentence was imposed
>                in any post-conviction proceeding,
>                including but not limited to, a motion
>                brought pursuant to 28 U.S.C. § 2255.

(M. of Understanding, 4).

Voluntary waivers of collateral review are typically enforced. United States v. White, 307 F.3d 336, 344 (5th Cir. 2002). At his change of plea hearing, the Court asked the petitioner, "You reviewed this Memorandum of Understanding with [your attorney]? You understand what it says, do you?" (Plea Tr., at 14.) The petitioner responded affirmatively. The Court then instructed the petitioner to listen carefully as the Assistant United States Attorney ("AUSA") recited any waivers. The AUSA stated, "[Stewart] has also agreed to waive his right to contest the conviction, sentence, or manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a proceeding by a motion brought pursuant to 28 U.S.C. § 2255." (Plea Tr., at 15-16.) When asked by the Court whether he agreed with what the AUSA had recited, the petitioner responded, "Yes, sir." (Plea Tr., at 18.)

The petitioner has not alleged that his retained attorney, John Collette, provided ineffective assistance during the plea negotiations. Indeed, when the Court asked, "Are you satisfied with the amount of time and quality of advice given to you by your

counsel, the Honorable John M. Colette?"  Stewart responded, "Yes, sir."  (Plea Tr., at 5.)  Since Stewart's waiver was knowingly and voluntarily made, and Stewart has not argued that his waiver was tainted by the ineffective assistance of counsel, the Court finds that the Memorandum of Understanding should be given full force.  Thus, the petitioner's § 2255 Motion to Vacate must be dismissed.  Accordingly,

IT IS HEREBY ORDERED that the petitioner's Motion to Vacate Under 28 U.S.C. § 2255  [**criminal docket entry no. 23; civil docket entry no. 1**] is **DISMISSED WITH PREJUDICE.**

A separate judgment will be entered by the Court in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the  28th  day of  February , 2007.


                                             s/David Bramlette
                                        UNITED STATES DISTRICT JUDGE